```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
CITIGROUP GLOBAL MARKETS INC.,            :
                                          :   11 Civ. 7142 (DLC)
                      Plaintiff,          :
                                          :   MEMORANDUM OPINION
         -v-                              :       & ORDER
                                          :
JAMES CASS, individually and d/b/a        :
HEDGEANALYST.COM, LEAKEDRESEARCH.COM,     :
THEBACK9, ET AL.; and JOHN DOES 1-5,      :
                                          :
                      Defendants.         :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

The plaintiff filed this action on October 11, 2011. By Order of January 18, 2012, the Court declared that service had been effected on the pro se defendant James Cass ("Cass"). Cass filed an answer on February 10. An Initial Pretrial Conference was held on April 20, but Cass failed to appear. During the April 20 Conference, the Court stated the following:

> I want to advise both sides, the plaintiff but also the defendant who has failed to appear today despite having notice of this conference that if he fails to participate in good faith in discovery, he may lose his rights in connection with defending this lawsuit. He may be deprived of the opportunity to present any evidence at trial that he has produced during the discovery process. Indeed, any defenses he wishes to offer may be stricken and, potentially, he suffers a risk having a default entered against him if his failure to cooperate in the discovery process warrants such relief.

A transcript of the Initial Pretrial Conference was mailed to

Cass by plaintiff's counsel. By Order of April 24, discovery was to be completed by July 6, the Pretrial Order was to be filed by the plaintiff on July 20, the defendant was to submit a Pretrial Statement by August 3, and a trial was scheduled to begin on September 6. On July 6, the Court received a letter from plaintiff's counsel stating that the defendant had not responded to any discovery requests and had failed to show up for his deposition on July 5.

On July 16, the Court ordered that the defendant attend his deposition on July 30, 2012 or on another date on or before August 3, 2012 that was agreeable to the parties, and that the defendant respond to all outstanding discovery requests by July 30, 2012. The July 16 Order also directed the plaintiff to serve the July 16 Order on the defendant by sending it to the four email addresses identified in the plaintiff's January 13, 2012 certificate of service, and ordered that if the defendant failed to attend his deposition without good cause shown, a default would be entered against him as a sanction.

On July 31, the Court received a letter from plaintiff's counsel indicating that it had served a copy of the July 16 Order on the defendant as directed, and advising the Court that the defendant had failed to appear for his deposition on July 30 or to produce any discovery responses.

Pursuant to Rule 37, Fed. R. Civ. P., when a party fails to

comply with a discovery order, a default judgment may be entered against the disobedient party as a court-imposed sanction. See Fed. R. Civ. P. 37. "[S]anctions are applicable in extreme circumstances, where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." S.E.C. v. Setteducate, 419 F. App'x 23, 24 (2d Cir. 2011) (citation omitted). Even the most severe Rule 37 sanctions may be imposed even against a party who is proceeding pro se, "so long as a warning has been given that noncompliance can result" in a sanction. Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994). Given the defendant's repeated failure to participate in discovery and to comply with Court orders, as well the Court's multiple warnings of the possible consequences of such failure, an entry of default against the defendant as a sanction is appropriate in this case. Accordingly, it is hereby

ORDERED that the Clerk of Court shall enter a default against the defendant James Cass.

SO ORDERED

Dated:   New York, New York
         August 2, 2012

                                    _____
                                           DENISE COTE
                                    United States District Judge